IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01876-GPG

MELVIN KEITH WILLIAMS,

      Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Melvin Keith Williams, is a prisoner in the custody of the Colorado
Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr.
Williams has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28
U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his conviction in
Denver District Court case number 05CR644.

On July 21, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file
a Pre-Answer Response limited to addressing the affirmative defenses of timeliness
under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28
U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in
this action.  On September 10, 2014, Respondents filed their Pre-Answer Response
(ECF No. 14) arguing that the Application is untimely and that Mr. Williams' claims are
unexhausted and procedurally barred.  Mr. Williams has not filed a reply to the Pre-
Answer Response despite being given an opportunity to do so.

The Court must construe the Application liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

On May 11, 2006, Mr. Williams agreed to plead guilty to one count of kidnapping and one count of sexual assault. (*See* ECF No. 14-1 at 11.) On July 26, 2006, he filed a motion to withdraw the guilty plea. (*See id.*) On August 4, 2006, the trial court denied Mr. Williams' motion to withdraw his guilty plea and sentenced him to an indeterminate term of thirty-five years to life in prison. (*See id.*) Although Mr. Williams filed a direct appeal, he later filed a motion to dismiss the appeal. On February 1, 2008, the Colorado Court of Appeals dismissed the appeal. (*See* ECF No. 14-2 at 1.) The mandate issued on March 21, 2008. (*See id.*, ECF No. 14-1 at 10.)

On September 18, 2008, Mr. Williams filed in the trial court his first postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See id.* at 9.) On September 29, 2008, the trial court denied the first Rule 35(c) motion. (*See id.*) On July 7, 2009, Mr. Williams filed a notice of appeal from the trial court's order denying the first Rule 35(c) motion. (*See* ECF No. 14-3.) On October 15, 2009, the Colorado Court of Appeals dismissed Mr. Williams' appeal as untimely. (*See* ECF No. 14-5.)

On December 22, 2010, Mr. Williams filed in the trial court his second postconviction Rule 35(c) motion, which was denied on December 28, 2010. (*See* ECF No. 14-1 at 8.) He did not appeal.

On September 23, 2011, and December 11, 2013, Mr. Williams filed in the trial

court two more postconviction Rule 35(c) motions.  (*See id.*)  The trial court denied

those motions on February 12, 2014, as untimely and successive.  (*See id.* at 7.)  Mr.

Williams did not appeal.

Finally, on January 21, 2014, Mr. Williams filed in the trial court a postconviction

motion to correct an illegal sentence pursuant to Rule 35(a) of the Colorado Rules of

Criminal Procedure.  (*See id.* at 8.)  The trial court denied the postconviction Rule 35(a)

motion on March 26, 2014.  (*See id.* at 7.)  Mr. Williams did not appeal.

The Application was filed on July 7, 2014.  Mr. Williams asserts three claims for

relief contending counsel was ineffective by failing to advise him he was pleading guilty

to an offense that would result in a life sentence (claim one), he was denied his Sixth

Amendment right to trial by an impartial jury of his peers (claim two), and his Fourteenth

Amendment rights were violated when the trial court failed to rule on his motion to

withdraw his guilty plea and told him to address the issue in a postconviction Rule 35(c)

motion.  As noted above, the record before the Court demonstrates that the trial court

denied Mr. Williams' motion to withdraw his guilty plea at his sentencing hearing.

Respondents first argue that the Application is barred by the one-year limitation

period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in

3

> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right
> > asserted was initially recognized by the
> > Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral
> > review; or
> >
> > (D)  the date on which the factual predicate of
> > the claim or claims presented could have been
> > discovered through the exercise of due
> > diligence.
> >
> > (2)  The time during which a properly filed application for
> > State post-conviction or other collateral review with respect
> > to the pertinent judgment or claim is pending shall not be
> > counted toward any period of limitation under this
> > subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that Mr. Williams' conviction became final on March 18, 2008, when the time expired to file a petition for writ of certiorari to the Colorado Supreme Court following dismissal of his direct appeal on February 1, 2008.  Mr. Williams does not argue that his conviction became final on some other date.

Mr. Williams also does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.  *See* 28 U.S.C. §

4

2244(d)(1)(B) - (D).  Therefore, the Court finds that the one-year limitation period began to run when his conviction became final on March 18, 2008.

Mr. Williams did not initiate this action within one year after March 18, 2008. Therefore, the next question the Court must address is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled

5

during the period in which the petitioner *could have* sought an appeal under state law."
*Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled pursuant to §
2244(d)(2) while Mr. Williams' first Rule 35(c) motion filed on September 18, 2008, was
pending.  However, the 183 days after March 18, 2008, and before September 18,
2008, count against the one-year limitation period.

As noted above, the first Rule 35(c) motion was denied on September 29, 2008.
Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the
time the first Rule 35(c) motion was denied, Mr. Williams had forty-five days, or until
November 13, 2008, to file a notice of appeal.[1]  Therefore, Mr. Williams' late notice of
appeal filed on July 7, 2009, was not properly filed under Colorado law and did not toll
the one-year limitation period.  *See Estep v. People*, 753 P.2d 1241, 1246 (Colo. 1988)
("The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate
review.").  Thus, the first Rule 35(c) motion tolled the one-year limitation period only
from September 18, 2008, until November 13, 2008, when the time to file a notice of
appeal expired.  Because the one-year limitation period ran for 183 days before the first
Rule 35(c) motion was filed, only 182 days (365 - 183 = 182) remained when the one-
year limitation period began to run again on November 13, 2008.

The remaining 182 days ran unabated after November 13, 2008, until the one-
year limitation period expired in May 2009.  Because the one-year limitation period
expired before Mr. Williams filed any further postconviction motions, those motions did

---

[1]The current version of Colo. App. R. 4(b), amended effective July 1, 2012, allows forty-nine days
to file a notice of appeal.

not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.  Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Williams fails to present any argument that would justify equitable tolling of the one-year limitation period.  Therefore, the Court finds no basis for equitable tolling and the Application will be denied as time-barred.

Respondents also argue that Mr. Williams' claims are unexhausted and procedurally barred.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan.*

7

*State Penitentiary*, 36 F.3d 1531, 1534 (10ᵗʰ Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10ᵗʰ Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10ᵗʰ Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10ᵗʰ Cir. 1992).  A blanket statement that state remedies have been exhausted does not satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10ᵗʰ Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10ᵗʰ Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state

8

remedies are exhausted).

Mr. Williams fails to demonstrate that he has fairly presented his claims to the Colorado appellate courts.  In fact, he concedes in the Application that he has not fairly presented each of his claims to the Colorado appellate courts.  (*See* ECF No. 1 at 5.)

Although Mr. Williams has not fairly presented his claims to the state courts, the Court may not dismiss the Application for failure to exhaust state remedies if Mr. Williams no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  Respondents contend, and the Court agrees, that Mr. Williams no longer has an adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted, for several reasons.  First, the time has expired for Mr. Williams to go back to state court and exhaust state remedies with respect to his direct appeal and the postconviction proceedings discussed above. Second, Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure provide that, with limited exceptions not applicable to Mr. Williams, the state court must dismiss any claim raised and resolved in a prior appeal or postconviction proceeding as well as any claim that could have been presented in a prior appeal or postconviction proceeding.  Thus, regardless of whether Mr. Williams actually raised his claims in the Application on direct appeal or in one or more of his postconviction motions, those claims would be dismissed if he tried to raise them again.  Third, any attempt by Mr. Williams to file another postconviction Rule 35(c) motion in state court would be untimely.  *See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other than a class 1 felony has three years to seek relief under Rule 35(c) unless he establishes good cause).  Thus, it is clear that Mr. Williams may not return to state

court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule.  *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Williams' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Williams fails to demonstrate or even argue that Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure and Colo. Rev. Stat. § 16-5-402 are not independent and adequate.  In any event, the Court finds that Rule 35(c)(3)(VI) and (VII) are independent because they rely on state rather than federal law.  The rules also are adequate because they are applied evenhandedly by Colorado courts.  *See, e.g.,*

10

*People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding).   Colorado's statute of limitations for collateral attacks also is an independent and adequate state procedural ground.   *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995).   Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Williams demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Williams must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.   *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).   "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."   *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).   If Mr. Williams can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."   *Coleman*, 501 U.S. at 750.   A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."   *Murray*, 477 U.S. at 496.

Mr. Williams makes no attempt to demonstrate cause and prejudice with respect to his unexhausted claims and he fails to demonstrate that a failure to consider the merits of his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, the unexhausted claims are procedurally barred and also must be dismissed for that reason.

11

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application (ECF No. 1) is denied and the action is dismissed because the Application is untimely and because Applicant's claims are unexhausted and procedurally barred.  It is

FURTHER ORDERED that "Plaintiff's Motion for Appointment of Counsel" (ECF No. 16) is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __13th__ day of ___January___, 2015.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court